UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| John D. Black,<br><br>     Plaintiff, pro se,<br><br>v.<br><br>Law Department, State of New Jersey Department of Transportation, Sharon Harrington, Kathy Higham-Benyon,<br><br>     Defendants. | 06-CV-1595 (WJM)<br><br>OPINION |

**MARTINI, District Judge:**

     **THIS MATTER** comes before the Court on a Complaint and application to proceed *in forma pauperis* ("IFP") filed by Plaintiff on April 4, 2006.  This Court, having reviewed Plaintiff's filing, grants the IFP application but concludes that the action here is frivolous. Accordingly, the case is dismissed in its entirety on the Court's own motion pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.  BACKGROUND**

     Plaintiff's Complaint for "Consperiacy/Slander/Deformation of carter/libel" is largely confused and unintelligible.  However, and to the extent that this Court can discern the nature of his claims, Plaintiff seems to argue that Defendants violated his rights by unlawfully revoking his driver's license and/or his endorsement for driving children.  He now seeks $500,000 in damages.

## II. DISMISSAL OF FRIVOLOUS ACTIONS UNDER 28 U.S.C. § 1915

Because of the interest in providing adequate access to the courts for plaintiffs lacking the assistance of counsel, *pro se* complaints should be construed liberally. *See United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). At the same time, courts must be wary of "clearly baseless" complaints when dealing with *in forma pauperis* litigants, since these litigants, "unlike a paying litigant, lack[] an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To this end, 28 U.S.C. § 1915(e)(2)(B)(i) grants courts the authority to dismiss *in forma pauperis* complaints if it is determined the action is "frivolous or malicious."

## III. DISMISSAL OF PLAINTIFF'S COMPLAINT

Plaintiff's claim constitutes the very type of lawsuit 28 U.S.C. § 1915(e)(2)(B)(i) intended to address. As noted, it is nearly impossible to make sense of Plaintiff's Complaint. To the extent Plaintiff's allegations are intelligible, Plaintiff fails to support them with proper facts. For example, Plaintiff alleges that "on or abut 10/04/96 the defendants willfully publish with malice a false statement about plaintiff and suspended plaintiff passenger endorsement to transport children because according to the Defendant, plaintiff had a Disqualifyinf record Indictment and gun charge." (Compl. 6.) Even if the Court were to read this allegation as somehow supporting a federal violation, Plaintiff never denies that he did in fact have a criminal record that would have disqualified him from transporting schoolchildren. Causing further confusion, Plaintiff simultaneously alleges that Defendants revoked his license in retaliation for his filing a "real property case." However, it is impossible to discern from the Complaint the nature of this case, where it was filed, when it was filed, how it relates to the suspension of his

driver's license, or how it supports a federal cause of action.[1]  Indeed, Plaintiff's Complaint as a whole reads as little more than indecipherable ramblings littered with vague accusations.

For these reasons, this Court finds, after careful review and consideration of Plaintiff's Complaint, that this action rises to the level of "clearly baseless" and "delusional," *Neitzke*, 490 U.S. at 328, warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).  An appropriate order accompanies this Opinion.

**Date**: July 10, 2006

s/ William J. Martini
**William J. Martini, U.S.D.J.**

---

[1] At another point, Plaintiff alleges that the judge handling his real property case "Told plaintiff he was going to send him to the state prison before he allowed him to file his real property in the ferdal courts and he did send [plaintiff] to prison were [plaintiff] was not allowed to have a pen or panicle , not given any food to eat on a lot of the day that he was going to prison with or without a crime for 6-15 years."  (Compl. 3-4.)